UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN  DIVISION
_____

WILLIAM MICHAEL KASBEN,

                         Plaintiff,                    Case No. 1:16-cv-789

v.                                            Honorable Janet T. Neff

TERESA LUTKE et al.,

                         Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A.  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

## Factual Allegations

Plaintiff is incarcerated in the Saginaw Correctional Facility.  In his *pro se* complaint, Plaintiff sues Teresa Lutke, case worker for Department of Human Services (DHS)/Child Protective Services (CPS); Irene Stuart, CPS/DHS Supervisor for Grand Traverse County; Maura Corrigan, Director of Human Services; and Governor Rick Snyder.

Plaintiff alleges that in early 2015, Defendant Lutke contacted Kimberly Schlagel and her children, Kelly, Brenda, Dayna and Alexis Wilson, and falsely accused Plaintiff of sexually molesting his eighteen-month-old son, Kaden Kasben.  It appears that Kimberly Schlagel also is Kaden's mother.  Defendant Lutke allegedly told Kimberly and the Wilson chidren that the only way to stop Plaintiff from sexually abusing Kaden was for Kelly Wilson to testify against him.  Plaintiff further alleges that the Wilson children had been taken away from mother because they were being overmedicated on ADHD drugs and were not allowed to have contact with their mother or other family members until they agreed to testify against Plaintiff.  Plaintiff accuses Lutke of defamation of character, slander, witness tampering, witness bribery and unethical behavior of a civil servant. He seeks damages of $1,250,000.

## Discussion

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

I.      **Defendants Stuart, Corrigan and Snyder**

Plaintiff suggests that Defendants Stuart, Corrigan and Snyder are responsible for Lutke's conduct by virtue of their supervisory positions. Government officials may not be held

- 3 -

liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Stuart, Corrigan and Snyder engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

## II.     **Defendant Lutke**

Generally, prosecutors are entitled to absolute immunity for their actions in prosecuting criminal actions. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003). The Sixth Circuit squarely has held that social workers filing juvenile abuse petitions are entitled to absolute immunity in the performance of their prosecutorial functions. *Salyer v. Patrick*, 874 F.2d 374, 378 (6th Cir. 1989). Social workers are entitled to absolute immunity when they engage in conduct "intimately associated with the judicial phase of the criminal process." *Pittman v. Cuyahoga Cnty. Dep't of Children & Fam. Servs.*, 640 F.3d 716, 724 (6th Cir. 2011) (internal quotation marks omitted). Social workers who initiate judicial proceedings against those suspected of child abuse or neglect perform a prosecutorial duty, and, thus, are entitled to absolute immunity. *Rippy v. Hattaway*, 270 F.3d 416, 421 (6th Cir. 2001)

- 4 -

(internal quotation marks omitted).  Social workers are entitled to absolutely immune only when they are acting in their capacity as legal advocates – initiating court actions or testifying under oath – not when they are performing administrative, investigative, or other functions." *Id.*  When applied, "[t]he defense of absolute immunity provides a shield from liability for acts performed erroneously, even if alleged to have been done maliciously or corruptly."  *Dean v. Byerley*, 354 F.3d 540, 554 (6th Cir. 2004).

In this case, Defendant Lutke's alleged conduct was taken during the performance of her prosecutorial function with CPS.  Bringing charges against Petitioner for sexually abusing his 18-month-old son and attempting to secure witnesses to testify against him clearly are actions associated with the judicial phase of the criminal process.  Moreover, Plaintiff's claims for defamation and slander are tort claims under state law.  Claims under § 1983 can only be brought for "deprivation of rights secured by the constitution and laws of the United States."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982).  Section 1983 does not provide redress for a violation of a state law.  *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).  Plaintiff's assertion that Defendant Lutke violated state law therefore fails to state a claim under § 1983.

To the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over a state-law claim, the Court declines to exercise jurisdiction.  In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues."  *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).  Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue

of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Id.* Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012). Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, Plaintiff's state-law claim will be dismissed without prejudice.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: <u>July 21, 2016</u>          <u>/s/ Janet T. Neff</u>
                                     Janet T. Neff
                                     United States District Judge